**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JANICE LEE,

Appellant,

v.

DEPARTMENT OF EDUCATION,

Agency.

DOCKET NUMBER
DC-0752-23-0575-I-1

DATE: January 24, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janice Lee, Capitol Heights, Maryland, pro se.

Jill Siegelbaum, Esquire, and Leah Travis, Esquire, Washington, D.C.,
for the agency.

**BEFORE**

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

On review, the appellant expresses concern with the processing of the equal employment opportunity (EEO) investigation and the merits of the final agency decision; and she submits documentation on review such as letters, affidavits, sworn declarations, emails, narrative responses and text messages concerning the EEO investigation, and a news article about a certain agency employee that she

---

[2] The appellant's petition for review was due on Friday, November 17, 2023. She filed her petition for review the next business day, on Monday, November 20, 2023, and a supplement to her petition for review on Sunday, November 26, 2023. Petition for Review (PFR) File, Tabs 4, 6. Addressing the delay, the appellant explained that she was looking for an attorney, she did not understand the notification process with the Board's online system, she did not know she could request additional time, and she had extenuating circumstances, including numerous family health issues and deaths in early to mid-November. PFR File, Tab 7 at 4-5. The Board, having carefully balanced the equities involved, finds that the delay here was excusable, considering its brevity, the extenuating circumstances presented by the appellant, and the absence of a showing of prejudice by the agency. Accordingly, we find good cause for the delay in filing her petition for review and her supplement to her petition for review. *See Cook v. Office of Personnel Management*, 31 M.S.P.R. 683, 685 & n.3 (1986) (finding that a series of calamitous events in the appellant's life, including deaths of his mother and stepfather, caring for his mother prior to her death from cancer, caring for his minor daughter who suffered from severe juvenile rheumatoid arthritis, and his own medical problems warranted waiver of the time limit).

alleged was involved in forcing her to retire. Petition for Review (PFR) File, Tabs 4-5, 15. A portion of the documents that the appellant submitted on review, such as her correspondence with the EEO office, EEO investigative affidavits, and newspaper articles, are dated before the record closed, and some of her documents, including declarations and affidavits, are dated after the initial decision was issued. *See, e.g.*, PFR File, Tabs 5, 15.

The Board generally will not consider evidence or argument submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite a party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The appellant has not made such a showing. Nevertheless, even if we consider the evidence submitted in the appellant's petition for review and her supplement to the petition for review, a different outcome is not warranted.[3] *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

Furthermore, we have considered the appellant's allegation that the agency's denial of her reasonable accommodation request for telework during the 2018 to 2019 timeframe led to her involuntary retirement in this regard. *See, e.g.*, *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶¶ 2, 6-7 (2010) (holding that a denial of a reasonable accommodation that would have permitted an employee to continue working despite his medical conditions, and that leads to the employee's retirement, is a wrongful action that can be the basis of an alleged

---

[3] The appellant also states on review that she did not respond to the administrative judge's jurisdictional order because she thought she would get all appeal documents through regular mail, not through e-Appeal, even though she filed her appeal online. PFR File, Tab 15 at 4-5. We are not persuaded by the appellant's explanation for her failure to respond to the administrative judge's jurisdictional order. As a registered e-filer, the appellant consented to accept service of all pleadings and documents issued by the Board in electronic form and to monitor case activity at e-Appeal to ensure that she had received all case-related documents. Initial Appeal File, Tab 1 at 2; *see* 5 C.F.R. §§ 1201.14(e), (j)(3) (2023).

involuntary retirement claim). Even if we assume for the purposes of our analysis that the appellant nonfrivolously alleged that the agency wrongfully denied her request for telework as a reasonable accommodation during the 2018 to 2019 timeframe, she has not nonfrivolously alleged that the agency's wrongful actions denied her a meaningful choice in the matter. Indeed, the appellant does not allege that she challenged the agency's denial of her reasonable accommodation request through the interactive process or by filing an EEO complaint before she retired. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (finding that the appellant failed to prove that a reasonable person in his position would have felt compelled to resign when he had the option to stand and fight the alleged discrimination, harassment, and retaliation rather than resign); *see also Lawson v. U.S. Postal Service*, 68 M.S.P.R. 345, 350 (1995) (finding that an employee is faced with an inherently unpleasant situation or that her choices are limited to unpleasant alternatives does not make her decision involuntary). Accordingly, we conclude that the appellant did not make a nonfrivolous allegation that she lacked a meaningful choice in the matter, or that the agency's wrongful actions deprived her of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          _____

                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.